FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 5 - 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TARASMATTI NAGESSAR,

              Plaintiff,

  -against-

NORTHEAST ALLIANCE MORTGAGE
BANKING CORP, a Texas Corporation;
ANGIE GARCIA, as Individual; and DOES
1–10, Inclusive,

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-6680 (CBA) (RER)

**AMON, United States District Judge:**

The Court has received the Report and Recommendation ("R&R") of the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for the instant action filed by pro se Plaintiff Tarasmatti Nagessar ("Nagessar"). For the reasons stated below, the Court adopts the R&R and dismisses her claims without prejudice.

On November 29, 2016, Nagessar filed a Verified Complaint against Defendants Northeast Alliance Mortgage Banking Corp. ("Northeast Alliance"), Angie Garcia ("Garcia"), and Does 1–10 (the "Doe Defendants"), contending that she was "a victim of an elaborate scheme" by Northeast Alliance and Garcia, who purportedly acted as its agent, "to defraud homeowners and banks of their interest in real property throughout the United States." (D.E. # 1 ¶ 14.) In Nagessar's case, she allegedly has an interest in 111 Euclid Avenue, Brooklyn, NY 11208. (Id. at 2.) Nagessar asserted claims under New York property law against Northeast Alliance and Garcia (the "named Defendants"), but none against the anonymous Doe Defendants. (See id. ¶¶ 16–32.) None of the Defendants has appeared in this action.

On December 2, 2016, the Clerk of Court issued one summons for both named Defendants. (D.E. # 2.) Nagessar having failed to file an executed summons, Magistrate Judge Reyes on

1

December 12, 2016, issued an Order directing her to serve process upon the named Defendants by February 27, 2017. Magistrate Judge Reyes noted that if she failed to do so and "fail[ed] to show good cause why such service ha[d] not been effected, [he would] recommend that the Court dismiss this action without prejudice." (D.E. # 4 at 1–2.) The December 12, 2016, Order was mailed to Nagessar.

On January 12, 2017, Nagessar filed two "Ex Parte Application[s] for Order and Publication of Summons" to serve the named Defendants. (D.E. # 5.) In the applications, Nagessar stated that she "has been unable to locate and/or serve Defendants at the address provided" in property filings recorded with the New York City government. (D.E. # 5-1 at 2, 5; D.E. # 5-3 at 2, 5.) Nagessar requested permission to "publi[sh] . . . the summons . . . in the Houston Chronicle," a newspaper in Texas that was "most likely to give defendant actual notice." (D.E. # 5-1 at 1–2; D.E. # 5-3 at 1–2.)

On February 1, 2017, Magistrate Judge Reyes denied Nagessar's two applications. (D.E. # 6 at 1 ("Motion for Leave to File/Service [5] is DENIED.").) But he permitted her to execute constructive service on the named Defendants. In a Scheduling Order, he directed her to "serve, by certified and regular mail no later than [February 10, 2017], a copy of the summons and complaint and this scheduling order on [the named Defendants] in this case at their last known addresses, and counsel for all parties" in related actions filed by Nagessar in the Eastern District and New York state court. (Id.) In the Scheduling Order, Magistrate Judge Reyes announced that he would hold an initial conference on March 27, 2017. (Id.) The February 1, 2017, Scheduling Order was mailed to Nagessar. Both the February 10 and 27 deadlines passed, and Nagessar filed neither proof of service nor any record explaining why she failed to meet the deadlines. Magistrate Judge Reyes held the initial conference on its scheduled date, and neither Nagessar nor the named

2

Defendants appeared. (D.E. dated Mar. 27, 2017.) He announced at the conference that he would issue a report and recommendation for dismissal of Nagessar's claims. (Id.) Minutes of the conference were mailed to Nagessar.

On March 29, 2017, Magistrate Judge Reyes issued his R&R. (D.E. # 7.) He noted that "no progress in the prosecution of this case ha[d] occurred since its inception on November 29, 2016," and that "there ha[d] been no activity whatsoever in this case since January 12, 2017," when Nagessar filed her two ex parte applications. (Id. at 3.) Magistrate Judge Reyes concluded that she had delayed proceedings; that the delay was unreasonable, creating a presumption of prejudice; that she "had ample opportunities to take action in this case"; that she was "expressly warned about the consequences of her inaction in" the December 12, 2016, Order; that her right to pursue litigation was "adequately balanced against the need to alleviate court congestion"; and that "lesser sanctions would be fruitless" because she failed to abide by his orders and had not attempted to prosecute the case in other ways. (Id. at 3–5.) The R&R and a copy of the court docket for this action were mailed to Nagessar.

On April 11, 2017, Nagessar timely filed her objections to the R&R. (D.E. # 8.) She explained that on December 13, 2016, she attempted to serve process upon the named Defendants via postal mail. (Id. at 2–3.) After the documents were returned as undeliverable, Nagessar filed her two ex parte applications. (Id. at 3.) She wrote:

> Plaintiff did not realize that she needed to serve Defendants again inasmuch as she had filed her Ex Parte Applications on January 12, 2017. She genuinely thought she would be granted an Order for Publication. Why wouldn't she be? So she was patiently waiting to receive an Order so that she could publish her Summons & Complaint.... She thought that the court would be pleased and would grant her an Order to Publish as this is one of the best ways to serve someone or an entity that one cannot find.

3

(Id. at 3–4.) Nagessar attached copies of the ex parte applications but did not cite to any case law. She also did not contest receipt of the court filings—including the February 1, 2017, Scheduling Order denying her ex parte requests for an order and publication of summons—that had been mailed to her.

When deciding whether to adopt an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). When a party makes specific objections, the Court "must determine de novo any part of the magistrate judge's disposition" to which the party objected. Fed. R. Civ. P. 72(b)(3). But if a party "makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." Picinich v. N.Y. Dep't of Educ., No. 16-CV-844 (CBA), 2017 WL 1079976, at *1 (E.D.N.Y. Mar. 22, 2017). Because Nagessar proceeds pro se, her objections "are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting Milano v. Astrue, No. 05-CV-6527 (KMW), 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)).

For nearly all of the R&R, Nagessar "makes only general objections." Picinich, 2017 WL 1079976, at *2; see also Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008) (pro se case). With one exception, her filing is "devoid of any reference to specific findings or recommendations to which [s]he objected and why, and unsupported by legal authority," Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766

(2d Cir. 2002). At one point, Nagessar states that she "by no means <u>wants to</u>, or <u>is trying to</u> congest the Court," (D.E. # 8 at 4 (emphasis added)), but she disputes neither the delay itself nor Magistrate Judge Reyes' finding that her case contributes to court congestion. Nagessar referred at several points to the <u>ex parte</u> applications she had sent Magistrate Judge Reyes prior to his February 1, 2017, Order. However, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" to the R&R. <u>Id.</u> Reviewing all but one part of the R&R for clear error, and finding none, the Court adopts these parts.

The remaining portion of the R&R under review is Magistrate Judge Reyes' finding of prejudice against Defendants, (<u>see</u> D.E. # 7 at 4), to which Nagessar specifically objected at the end of her filing, (<u>see</u> D.E. # 8 at 5). Accordingly, the Court reviews the finding <u>de novo</u>. The Court first notes that, even if there were no prejudice to Defendants, the case would warrant dismissal for failure to prosecute. In reviewing such dismissals, the Second Circuit considers "five principal factors": (1) "the duration of the plaintiff's failures"; (2) "whether plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions." <u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of Envtl. Protection</u>, 16 F.3d 482, 485 (2d Cir. 1994)). "Generally, no one factor is dispositive." <u>Martens v. Thomann</u>, 273 F.3d 159, 180 (2d Cir. 2001). Magistrate Judge Reyes explicitly considered the five and found all of them against Nagessar. Even without a finding of prejudice, the other four—which the Court has adopted—counsel in favor of dismissal.

5

In any event, Nagessar has failed to rebut the presumption of prejudice in this case. Prejudice to defendants "resulting from unreasonable delay may be presumed," because the delay "increases the likelihood that evidence in support of [the defendants'] position will be lost and that discovery and trial will be made more difficult." Shannon, 186 F.3d at 195. The presumption also exists when "Plaintiff has provided no explanation for the delay or attempted to rebut the delay," and when "there has been no suggestion that Defendants have contributed to the delay." Henry F. v. Woodlick, No. 13-CV-4261 (NGG), 2014 WL 5878122, at *4 (E.D.N.Y. Nov. 12, 2014). Although Nagessar claims that she has been "patiently waiting to receive an Order" permitting her to serve process by newspaper publication, (D.E. # 8 at 4), Magistrate Judge Reyes' February 1, 2017, Order denying her request, (D.E. # 6 at 1), was mailed to her. In light of the Orders mailed to her, Nagessar knew that she had another option to serve process on Defendants—the constructive notice created by mailing the documents to both the named Defendants at their last-known addresses and affiliated counsel—and that she had to provide proof of such service before her February deadlines. Nagessar has not tried to explain why she missed those deadlines.

Nagessar also does not explain why she preferred her proposed method of service over Magistrate Judge Reyes' substitute. In fact, the Court considers the substitute less burdensome. In her objections, she notes that newspaper publication—her requested method—"may cost upwards of $400." (D.E. # 8 at 4.) Magistrate Judge Reyes' method likely would have cost significantly less. Without any explanation for her decision not to effect constructive service (or other method), Nagessar fails to overcome the presumption of prejudice. Therefore, as a matter of de novo review, the Court finds the third factor against Nagessar. Because all five Shannon factors weigh against her, this case warrants dismissal without prejudice.

Accordingly, the Court ADOPTS Magistrate Judge Reyes' R&R and dismisses Nagessar's claims without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court respectfully directs the Clerk of Court to enter judgment accordingly; to send a copy of this Memorandum and Order and the judgment to Nagessar at her listed address; and to close this case.

SO ORDERED.

Dated: July 5, 2018
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge