UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TARASMATTI NAGESSAR,

        Plaintiff,

    -against-

NORTHEAST ALLIANCE MORTGAGE
BANKING CORP. and ANGIE GARCIA.

        Defendants.
-----------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆ FEB 11 2019 ☆

BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-cv-6680 (CBA) (RER)

**AMON, United States District Judge:**

Plaintiff Tarasmatti Nagessar brought this state-law slander of title, quiet title, and declaratory judgment action against Defendants on November 29, 2016. (D.E. # 1.) Following several unsuccessful efforts to serve the Defendants in accordance with the orders of Magistrate Judge Reyes, (D.E. # 4, 6), Judge Reyes sua sponte recommended that this case be dismissed without prejudice for failure to prosecute on March 29, 2017, (D.E. # 7). Nagessar filed objections to Judge Reyes's recommendation on April 11, 2017, (D.E. # 8), and this Court adopted Judge Reyes's recommendation in full on July 5, 2018, thereby dismissing the case, (D.E. # 9).

On July 25, 2018, Nagessar filed a motion to set aside the Court's judgment arguing that she "has done everything this Honorable Court has requested," but that she "was unable to locate defendants." (D.E. # 11 at 2.) The Court referred the application to Magistrate Judge Reyes "to assess whether anything stated herein would cause him to reconsider his recommendation to the Court to dismiss this case." (D.E. # 12.) On August 28, 2018, Judge Reyes recommended, in full:

> Nothing stated in Plaintiffs Motion to Set Aside Judgment has caused me to reconsider my recommendation to dismiss this action. Plaintiff has yet to prove she has served Defendants or complied with this Courts 2/1/2017 Order. While Plaintiff provided some evidence in her Objection to my Report and

1

Recommendation that she served Defendants by Priority Mail Express in December 2016. Such service, absent prior authorization, does not comply with the Federal Rules of Civil Procedure or NY Civil Practice Law and Rules. To date, she has failed to show compliance with my 2/1/2017 Order to serve Defendants via certified and regular mail. For these reasons, I recommend Plaintiffs motion be denied.

(D.E. dated August 28, 2018 (internal citations omitted).)

No party has objected to this latest R&R, and the time for doing so has passed. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may accept portions of the R&R so long as there is "no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has reviewed the record and, having found no clear error, adopts Magistrate Judge Reyes's recommendation as the opinion of the Court. In doing so, the Court emphasizes that Nagessar's complaint was dismissed without prejudice and that she has already refiled her case in this Court. See Nagessar v. Northeast Alliance Mortgage Banking Corp. et al, 18-cv-6709 (KAM) (RER) (filed November 21, 2018). Accordingly, the Court denies Nagessar's motion to set aside this Court's dismissal for failure to prosecute.

SO ORDERED.

Dated: February 11, 2019
Brooklyn, New York

s/Carol B. Amon

Carol Bagley Amon
United States District Judge